The opinion of the Court was delivered by
Withers, J.
According to our apprehension, this action proceeded upon a quantum meruit; $2,000 were claimed as the value of a steam engine, delivered, b.y.. those representing the estate of Dotterer, deceased, on th^HifTfdnuary, 1847. On the 18th December, 1845, the decease&mfM'djljjrp^ljting, with specification of particulars, to do thAtfork and coi|h,ecb the same to the mortice wheel then in us^ at tWdgifejidan^ saw mill, for $1,760. He proceeded towar¿'^l3^)exe(íílí^i}pf¿fHe work, but died before it was finished, wfí\n tííe^fpndanCjtrged upon the representatives of his estate thatlfehoulcfl^fe speedily completed. When done, the sum of $2000 was '’demaiftled, on an allegation that extra work had been done, or that the original specifications had been varied or superseded. The defendant claimed a considerable abatement for the expense of attaching the engine to his mill, and perhaps for some other work which he alleged should have been done by Dotterer. As late as June, 1850, he suggested Jhe mode of settlement thus: from the price of the contract and the extra work, “ as understood between us,” deduct the amount “ I have already paid towards the work,” and the balance he thought the true sum which he ought to pay and would promptly pay. For peace sake, however, he was willing to allow the entire bill, without items, as presented, and deduct therefrom his account of moneys actually paid for executing the contract and doing some of the very work charged in the bill, and the balance he would pay. This was not accepted.
We have then a case in which an article has been made and delivered and an action brought for what it was reasonably *298 worth. The proposal, in writing, of Dotterer, in December, 1845 may be regarded as having been concurred in by Bennett for the time, .and by that a price was fixed, but no time of payment was specified. Each party insists, or admits, that it has been departed from. The verdict is on a quantum meruit, and interest is allowed, eo nomine, by the verdict, from the time of the delivery of the work. It is thus treated as a legal incident of the principal sum. The question is, whether this is sustainable.
A promise, in writing, to pay a sum of money at a certain time, and that is certain which can be rendered certain, is (according to our and other American decisions) a contract that carries interest as a legal incident. The proposition by Mr. Dotterer to perform certain work fora certain price, and the execution of the undertaking in such manner as to produce an action on the quantum meruit, does not seem to range itself under the rule above laid down.
It is true, also, that money had and received by the defendant to the use of the plaintiff, or paid and expended by the latter for the use of the defendant, will carry interest, (a) but the recovery in this case could not have been on that footing.
In case of a contract by which a negro is purchased at the sale of an estate, the terms being that a note shall be given, due at a certain time, and bearing interest, it ha^been decided that, on a declaration for the value of the negro, without a count for interest, a verdict fbr the price agreed to be paid, with interest •eo nomine, according to the terms of sale, was sustainable: (b) the case was supposed to be equivalent to a count setting out the promise and the- refusal to give the note, in which case (it was said) “ all the authorities are that interest is recoverable.” In the case before us, we do not find any promise, verbal or written, or referring to one written, by which it was stipulated that interest should be paid, or an interest-bearing security given. It does not seem distinguishable from the common case in which an article is delivered, the product of mechanical labor, the price being originally agreed upon, but not the time of payment or any *299 agreement for interest, and the vendor insisting that the special agreement, so far as it went, had been departed from or superseded, and a gross sum demanded, as the reasonable value, without interest charged even in the bill, of particulars. What we decide is, that in such a transaction the contract is not liquidated so that any given sum shall be said to be principal, payable at a day certain, by contract, and therefore drawing interest to it,' as a legal consequence or incident.- We do not mean to say that in fixing the amount of damages, the jury may not add to the true value of the article sold aud delivered a sum which shall- be measured by the legal rate of- interest from the time of delivery to the day of the verdict, and present the aggregate as the damages which the plaintiff shall have. It is one element in ascertaining damages from .which the jury, in many cases, cannot and ought not to be excluded. But it is quite a different thing to make a sum, itself damage, an interest bearing fund, and continuing to produce it even after verdict.
Accordingly a new trial is ordered in this case, unless the plaintiff shall remit the interest found for her in the verdict, and signify the same, upon the record, on or before the first Monday in March next.
O’Neall, Evans, Wardlaw and Frost, JJ. concurred.
Whitner, J. absent at the hearing.

Motion granted nisi.

(a) Marvin vs. McRae, Cheves, 61. (b) 2 Sp. 30.